## CIRCUIT COURT OF BOTETOURT COUNTY

Commonwealth of Virginia

    v.

Terry Walker Leonard
and Micky Dale Leonard

January 6, 1982

By JUDGE DUNCAN M. BYRD, JR.

This matter comes to the Court upon a Motion to Suppress the fruits of an illegal search of the attic of the Defendant Micky Leonard's apartment in Roanoke City on September 17, 1981. The relevant facts and issues are well defined in the respective Memoranda of Counsel.

The first issue to be resolved is the issue of whether Terry Leonard has standing to raise objection to evidence obtained by the search in question. As stated in the Commonwealth's original Memorandum, page 7-8:

> The defendant emphatically disclaimed residence in his brother's apartment, asserting that he was merely an occasional guest. The defendant also disclaimed authority to consent to a search of the premises. He did not advance any claim of ownership of the wells and tires in question.

In the case of *Parks v. Commonwealth*, 221 Va. 492 (1980), our Supreme Court sets forth the applicable law. A defendant cannot assert Fourth Amendment protection unless he had a legitimate expectation of privacy. This is determined by the totality of the circumstances. The expectation of privacy exists if Defendant exercised such dominion and control over the premises that it would be unreasonable to find no expectation of privacy. Applying this standard to the facts in question, I am of the opinion that Terry Leonard lacks standing to raise objections

to the evidence obtained by the search in question. Having made this determination it follows, in the context of this case, that Terry Leonard's statement is also admissible. Of course, it does not necessarily follow that the Motion to Suppress should be overruled as to Micky Leonard also. On the contrary, considering the totality of the evidence and circumstances as applied to the factors of: (1) Temporal Proximity, (2) Intervening Circumstances and, (3) Exploitation of the Primary Illegality, I am of the opinion that the consent of Micky Leonard to the second search of his apartment was tainted and thus obviated by the original unlawful search, and the fruits thereof must be suppressed as to Micky Leonard. *Brown v. Illinois*, 422 U.S. 590 (1975).